**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| AOM Group, LLC ) | No. CV 10-527-PHX-MHM |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Irwin Mortgage Corporation, et al., ) | |
| Defendants. ) | |

Currently pending before the Court is Defendant U.S. Bank National Association's ("U.S. Bank") Motion for Sanctions and Award of Attorneys' Fees against AOM Group, LLC ("AOM Group"), (doc. 40) filed on September 9, 2010. As of this date, no responsive memorandum has been filed by Plaintiff. After reviewing the motion, the memorandum in support of the motion (doc. 41), and the pertinent case law, the Court enters the following order.

On March 11, 2010, Plaintiff filed an Amended Complaint against Defendants. Plaintiff is the trustee of a of a trust purporting to represent the interests of homeowners in foreclosure. Plaintiff's complaint asserts (1) wrongful foreclosure; (2) quiet title; (3) fraudulent misrepresentation; (4) breach of fiduciary duty; (5) unjust enrichment; (6) civil conspiracy to commit fraud; (7) fraud; (8) breach of contract; (9) violation of the Arizona Consumer Fraud Act; (10) violation of Arizona Assignment and Satisfaction of Mortgage Law and invalid deed of trust; and (11) violation of the Uniform Commercial Code, ARS

1  47-3100 et. seq., and Arizona's Recording Statute. Plaintiff also sought a Declaratory
2  Judgment declaring the Arizona Deed of Trust Statute to be unconstitutional. (Doc. 12).

3  On August 25, 2010 the Court granted motions to dismiss by Defendants Michael
4  A. Bosco Jr. (Doc. 16),  Irwin Mortgage Corporation (Doc. 21), and U.S. Bank (Doc. 25)
5  based on Plaintiff's  lack of standing. (Doc. 38) The Court entered judgment against the
6  Plaintiff the same day. (Doc. 39).

7  Defendant U.S. Bank filed the current motion for sanctions and award of
8  attorneys' fees on September 9, 2010. (Doc. 40). The motion and supporting memorandum
9  argue that attorneys' fees should be granted because Plaintiff's claims arose out of contract
10 (*See* Pls. First Amended Compl. (Doc. 12)) and U.S. Bank is therefore eligible for an award
11 reimbursing its attorneys' fees pursuant to A.R.S. § 341.01(A) ("In any contested action
12 arising out of contract, express or implied, the court may award the successful party
13 reasonable attorneys fees."). U.S. Bank is also seeking reimbursement of its attorneys' fees
14 as a sanction against Plaintiff pursuant to Fed.R.Civ.P. 11. Defendant argue that sanctions
15 are justified due to Plaintiff's bad-faith prosecution of this lawsuit. Plaintiff  has filed a
16 number of similar claims, most of which were dismissed based on lack of standing, and in
17 some of which attorneys' fees and/or sanctions were awarded.[1] Defendant also outlines why

---

[1] Indeed, the Court notes that this case is but one in a series of lawsuits filed by the AOM Group, which purports to act as trustee for a series of trusts formed by individuals who have defaulted on home loans secured by Promissory Note and Deed of Trust. See AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB; AOM Group, LLC, v. Loanacity, 2:10-cv-00088-GMS; AOM Group, LLC. v. Coastal Capital Corp., 2:10-cv-00094-SRB; AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-00208-GMS; AOM Group, LLC v. Countrywide Home Loans, Inc., 2:10-cv-00514-GMS; AOM Group, LLC, v. Irwin Mortgage Corp., 2:10-cv-00605-MHM; AOM Group, LLC v. Downey Savings and Loan Association, F.A., 2:10-cv-00830-MHM; AOM Group, LLC v. Fidelity Mortgage Financial, 2:10-cv-00972-DGC;  AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-01043-JAT. Most of the AOM Group's cases were filed between the months of January and March 2010, and seven out of the nine lawsuits assigned to other Judges in this District have been dismissed. In AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB attorneys' fees and sanctions were awarded. In  AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-00208-GMS, the Motion for Sanctions was denied, but Judge Snow expressly stated that the

it is entitled to fees under the factors provided by Rule 54.2(b)(2).

Defendant U.S. Bank seeks an award of attorneys' fees in the amount of $12,340.50 for attorney and paralegal time, supported by an affidavit as well itemized billing statements specifying hours worked and rates (Doc. 41), pursuant to Fed.R.Civ.P. 54(d)(2) and LRCiv.P. 54. The fees appear reasonable to the Court. Since Defendant's Motion for Attorneys' Fees was filed, Plaintiff has not filed a response.

Under LRCiv P. 7.2(i), "if the opposing party does not serve and file the required answering memorandum, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Pursuant to this rule, the Court deems Plaintiff's failure to serve and file the required answering memorandum a consent to the granting of the Defendant's Motion for Sanctions and Award of Attorneys' Fees.

Accordingly,

**IT IS HEREBY ORDERED** granting Defendant's Motion for Sanctions and Award of Attorneys' Fees. (Docs. 40, 43)

**IT IS FURTHER ORDERED** awarding Defendant U.S. Bank N.A. $11,300.00 in attorneys' fees.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

DATED this 31st day of March, 2011.

_____
Mary H. Murguia
United States District Judge

---

Defendant would be able to seek attorneys' fees.

- 3 -